■ EDITH BONNER, Respondent, v. TRANS WORLD AIRLINES, INC., Appellant.— Judgment awarding plaintiff the sum of $15,216.25 after a nonjury trial in an action for personal injuries, unanimously reversed, on the law and on the facts, with costs to defendant-appellant, and the complaint dismissed. The testimony showed that on August 1, 1959 plaintiff was a passenger on one of defendant's aircraft en route from New York City to Phoenix, Arizona. It is her claim that she suffered injury to her neck when the foam rubber upholstered seat in which she was sitting struck the back of her neck on four different occasions during the flight because of a faulty mechanism. Three of the incidents involved the moving of the seat from a reclining position to an upright position; the fourth involved the seat moving from an upright position to a reclining position. The oral and demonstrative evidence as to the construction of the seat establishes that the back is contoured so that contact between its headrest and the occupant's neck is not possible if the lower part of his or her body is in contact with the back of the seat. The movement of the back of the seat is controlled by a rod and spring. The action of the spring restores the seat to its 90-degree normal position. Any defect either in the rod or the spring therefore tends to relieve the tension on the spring and prevents the back of the seat from rising to its 90-degree position. The back of the seat ordinarily moves at most six inches and the movement either forward or backward is smooth, easy, comfortable and free from jar or jerk. The movement backward results from pressure of the occupant's back and compresses the spring; the forward movement is caused by the release of the pressure which causes the back of the seat to move to its normal upright position. It is physically impossible for the headrest to strike the occupant's neck if he or she be seated. Plaintiff's claimed physical discomfort did not prevent her from partaking of the meals, asking for maps so that she could follow the aircraft's route and observe the points of

interest, including a storm. It was conceded on the trial "all the members of the crew, whether they be stewardesses or hostesses or cockpit members of the crew such as the pilot or copilot, if called would testify that they have no knowledge of any such incident taking place nor was any report made to them of any incident on the flight". The uncontradicted medical testimony is that plaintiff has a cervical arthritic condition of long standing and a history of prior traumatic sprains of the neck and back. Plaintiff failed to establish her case by a fair preponderance of the credible testimony and defendant is entitled to judgment dismissing the complaint. Under the provisions of subdivision 2 of section 584 of the Civil Practice Act, we should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the court below ought to have granted. (*Bruno* v. *Kosnac*, 13 A D 2d 650.) Findings of fact and conclusions of law inconsistent herewith are reversed. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.